**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JESSIE ADAMS,

Plaintiff,

v.

SERGIO JIMENEZ,

Defendant.

Case No. 3:26-CV-00037-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Plaintiff Jessie Adams ("Adams") initiated this civil rights action on January 20, 2026, by submitting a complaint and an application to proceed *in forma pauperis*. (ECF No. 1.) Two days later, the Court screened Adams' complaint pursuant to 28 U.S.C. § 1915 and recommended it be dismissed without prejudice and with leave to amend. (ECF No. 6.) A copy of the Court's report and recommendation was sent to the address Adams provided, but it was returned as undeliverable. (ECF No. 7.) Pursuant to Local Rule IA 3-1 the Court ordered Adams to file a notice of change of address on or before March 4, 2026. (ECF No. 8.) The Court warned Adams that failure to comply with the order would result in the Court recommending "that this action be dismissed." (*Id.*) To date, no change of address has been filed.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Adams to update his address explicitly warned that if Adams failed to do so "this Court will recommend that this action be dismissed." (ECF No. 8.) Thus, Adams had adequate warning that dismissal would result from his noncompliance with the

Court's order to update his address. Adams has nevertheless failed to comply with the Court's order, and his case should be dismissed accordingly.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## I.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: _March 5, 2026_

_____
**UNITED STATES MAGISTRATE JUDGE**

3